## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**JEREMY R. FOWLER,**

  **Plaintiff,**

**v.**                                          **CASE NO.  3:14-cv-309-RS-EMT**

**CHRISTIAN COAD, et al.,**

  **Defendants.**

_____/

## <u>ORDER</u>

Before me are Defendants Fortune's, Upchurch's, and Jefferis's Motion to Dismiss the Amended Complaint (Doc. 61) and Plaintiff's Memorandum of Law in Opposition (Doc. 69).

Jeremy Fowler filed his complaint naming four "John Doe" defendants. After the statute of limitations expired, he filed an amended complaint substituting the "John Doe" defendants for Defendants Kevin L. Fortune, Alma Upchurch, and Walter R. Jefferis. Upon review, I find that the claims against these defendants are time-barred. The Amended Complaint does not relate back to the original Complaint, and equitable tolling is not appropriate. Defendants' motion is therefore granted, and Fowler's claims against them are dismissed.

1

## I.    STANDARD OF REVIEW

To overcome a motion to dismiss, a plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Granting a motion to dismiss is appropriate if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint.  *Hishon v. King & Spalding,* 467 U.S. 69, 104 S. Ct. 2229, 2232 (1984).  I must construe all allegations in the complaint as true and in the light most favorable to the plaintiff.  *Shands Teaching Hosp. and Clinics, Inc. v. Beech Street Corp.*, 208 F.3d 1308, 1310 (11th Cir. 2000) (citing *Lowell v. American Cyanamid Co.,* 177 F.3d 1228, 1229 (11th Cir. 1999)).

## II.    BACKGROUND

Plaintiff Jeremy Fowler filed his Complaint in this court on June 30, 2014. (Doc. 1). His Complaint alleged, under 28 U.S.C. § 1983, violations of his Fourth Amendment right to be free from excessive force by state police officers. (*Id.*). A group of officers allegedly slammed Fowler against a desk, then dragged him to the ground and beat him after Fowler was booked and processed after an arrest on July 2, 2010. (*Id.* at 4-6). The initial Complaint named three Defendants— Escambia County Sheriff Christian Coad, Deputy Robert Eugene Cook, Jr., and

Deputy Louis Yost—as well as four "John Doe" defendants who had not yet been identified.

On February 10, 2015, Fowler filed an Amended Complaint (Doc. 43). The only substantial change from the previous complaint was that Fowler substituted the John Doe defendants with officers Kevin L. Fortune, Alma Upchurch, and Walter R. Jefferis, Jr. (*Id.*).

Fowler claims to have made multiple public records requests regarding the incident, but none of the responses to his requests by the Escambia County Jail or the State Attorney's Office contained any mention of Fortune, Upchurch, or Jefferis. (Doc. 69 at 2-4). Nor did the record in the underlying criminal case. (*Id.*). Fowler claims that he was not able to identify these defendants until the three initial defendants supplemented their Rule 26(a) disclosures and identified a document on January 13, 2015 that contained information about Fortune, Upchurch, and Jefferis. (*Id.* at 6). The initial defendants did not produce that document until February 3, 2015. (*Id.*). Seven days later, Fowler filed his Amended Complaint.

Defendants Fortune, Upchurch, and Jefferis now move to dismiss the claims against them as time-barred. The parties agree that the statute of limitations expired on July 2, 2014, and Defendants were not named in the Complaint until February 10, 2015.

### III.   ANALYSIS

Defendants argue that Fowler's complaint against them, which was not amended to name them as defendants until after the statute of limitations had expired, should be dismissed as time-barred. Fowler responds that the amendments are timely because they relate back to the date of the original Complaint and that, alternatively, the statute of limitations should be equitably tolled.

#### *a.   The Amended Complaint's Relation Back*

Section 1983 claims are governed by the forum state's residual personal injury statute of limitations. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1188 (11th Cir. 1999). In Florida, a plaintiff must commence a § 1983 claim within four years of the allegedly unconstitutional act. *Id.* The parties agree that the statute in this case expired on July 2, 2014—two days after the original Complaint was filed and eight months before the Complaint was amended to add the Defendants.

#### *1.  Rule 15(c)(1)(C)*

Defendants argue that the Amended Complaint does not relate back to the date of the original Complaint under Fed. R. Civ. P. 15(c)(1)(C), which governs relation back of amendments that change the name against the party against whom the claim is asserted. Courts have squarely held that when a complaint substitutes a previously unidentified "John Doe" defendant with a named defendant, the amendment does not relate back under Rule 15(c)(1)(C). *See Wayne v. Jarvis*, 197

F.3d 1098, 1103 (11th Cir. 1999), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003) ("[A]n amended complaint replacing a 'John Doe' defendant with that defendant's correct name does not relate back under Rule 15(c)[(1)(C)]."); *Mack v. Loizzo*, No. 08-20181-CIV, 2009 WL 4840200, at *3 (S.D. Fla. Dec. 14, 2009) ("[B]ecause Plaintiff similarly did not know [Defendant's] identity when he filed his original Complaint, *Wayne* precludes the claim against [Defendant] in Plaintiff's Amended Complaint from relating back to Plaintiff's original Complaint."); *Danhi v. Charlotte Cnty. Sheriff's Dep't*, No. 2:03CV 628 FTM 99DNF, 2006 WL 2226323, at *4 (M.D. Fla. Aug. 3, 2006) (finding Plaintiff's attempt to substitute "John Doe" defendant with named defendant did not relate back to original complaint); *Gambuzza v. Gillum*, No. 8:08-CV-1809-T-26TGW, 2009 WL 425954, at *2 (M.D. Fla. Feb. 20, 2009) (same); *Enriquez v. Dep't of Corr.*, No. 209-CV-2-FTM-29DNF, 2009 WL 1107745, at *2 (M.D. Fla. Apr. 23, 2009) (same).

Fowler argues that *Wayne*—and hence its progeny—are factually distinguishable. Unlike the plaintiff in *Wayne*, he says, he took active steps to obtain the public records which would have named the defendants, but the responses he received from the government's records custodians improperly omitted them. However, Fowler's active conduct cannot overcome the strict bar that the statute of limitations imposes.

Rule 15(c)(1)(C) only allows an amendment to relate back to the original complaint when the complaint is asserted against the incorrect party "but for a mistake concerning the proper party's identity." The *Wayne* court specifically noted that "the word 'mistake' [does not] mean 'lack of knowledge' . . . [f]or these purposes, ignorance does not equate to misnomer or misidentification." Here, regardless of the amount of effort Fowler put into obtaining the identities of Defendants before filing the Complaint, he had a lack of knowledge of their identities on the day that the statute of limitations expired. *See Mann v. Darden*, 630 F. Supp. 2d 1305, 1310 (M.D. Ala. 2009) ("[Plaintiff's] ignorance of the proper defendants, however, does not qualify as a 'mistake.'").

Therefore, the requirements of Rule 15(c)(1)(C) are not satisfied and Fowler's Amended Complaint does not relate back to the original Complaint under this rule.

### 2.  *Rule 15(c)(1)(A)*

Fowler next argues that even if his Amended Complaint does not relate back under Rule 15(c)(1)(C), it relates back under Florida law pursuant to Rule 15(c)(1)(A). Rule 15(c)(1)(A) provides that an amendment relates back to the date of the original pleading when "the law that provides the applicable statute of limitations allows relation back." This condition is an alternative to Rule 15(c)(1)(C); only one of two conditions need be satisfied in order for an

amendment to relate back. *See Saxton v. ACF Indus., Inc.*, 254 F.3d 959, 963 (11th Cir. 2001) ("Rule 15(c)(1)[(A)] allows federal courts sitting in diversity to apply relation-back rules of state law where . . . state law provides the statute of limitations for the action.").

Here, Florida tort law provides the statute of limitations for the § 1983 action. Since state law provides the statute of limitations, an amended complaint will relate back under Rule 15(c)(1)(A) if it satisfies Florida's relation-back rules. *See Presnell v. Paulding Cnty., Ga.*, 454 F. App'x 763, 767 (11th Cir. 2011) (applying state law relation-back doctrine in § 1983 action). Defendants failed to address in their motion whether the Complaint fails to relate back under Rule 15(c)(1)(A).

Fowler argues that his amendment properly relates back under Florida's more liberal relation-back rules. Under Florida law, the addition of a new party will relate back when the new party is sufficiently related to the existing parties that the addition will not cause prejudice. *Smith v. Bruster*, 151 So. 3d 511, 515 (Fla. 1st DCA 2014).

However, Fowler fails to bring to this Court's attention three binding cases which are squarely adverse to his position. These courts have held that, even under Florida's rules, that substituting "John Doe" defendants with subsequently-discovered named parties does not cause an amended pleading to relate back to the

original. *See Grantham v. Blount, Inc.*, 683 So. 2d 538, 542 (Fla. 2d DCA 1996)

("[W]e choose to treat a John Doe complaint in the same manner we treat a

complaint that contains a substantially incorrect identification of the defendant and

hold that it does not commence an action against the real party and it does not toll

the statute of limitations against that party."); *Gilliam v. Smart*, 809 So. 2d 905,

909 (Fla. 1st DCA 2002) (adopting *Grantham's* holding and finding that plaintiff's

failure "to name the real party defendant constitutes more than a mere error in the

name given."); *Liebman v. Miami-Dade Cnty. Code Compliance Office*, 54 So. 3d

1043, 1044 (Fla. 3d DCA 2011) ("[T]he filing of a 'John Doe' complaint is not

sufficient to commence an action against a real party in interest.").

Since it is clear under Florida law that amendments substituting "John Doe"

defendants with real parties do not relate back to the original complaint, Fowler's

Amended Complaint fails to relate back to the original under Rule 15(c)(1)(A).

### b.    *Equitable Tolling*

Finally, Fowler argues that the statute of limitations as to the Defendants

should be equitably tolled due to the government's failure to properly identify their

employees—Defendants—in their responses to Fowler's records requests.

"Equitable tolling" is the doctrine under which plaintiffs may sue after the

statutory time period has expired if they have been prevented from doing so due to

inequitable circumstances. *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703,

706 (11th Cir. 1998). Equitable tolling may be available where a litigant has pursued his rights diligently but some extraordinary circumstance prevents him from bringing a timely action. *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1231-32, 188 L. Ed. 2d 200 (2014).

Fowler argues that the "extraordinary circumstance" preventing him from bringing a timely action against Defendants was the government's failure to name them in their responses, and their failure to file responses, to his public records requests in 2010 and 2011. However, this failure did not prevent him from bringing a timely action. Rather, what prevented Fowler from bringing a timely action against Defendants was his failure to file the Complaint until two days before the statute of limitations expired.

Fowler was aware at the time he filed the Complaint that he did not have the identities of some of the men who allegedly assaulted him; he named several "John Doe" defendants as placeholders for them. Rather than promptly commencing his suit and engaging in discovery to ascertain the identities of all the alleged defendants (indeed, Fowler did ascertain their identities through discovery), Fowler sat on his rights for *over three years* between the time he knew that the public records requests were insufficient and the time he actually filed his lawsuit. He cannot be said to have "pursued his rights diligently" when he inexplicably delayed filing his suit for several years.

Furthermore, the fact that the public records requests were incomplete was not an "extraordinary circumstance" justifying equitable tolling of the statute of limitations. Fowler had several years to obtain the identities of the unknown men he claims assaulted him. When he failed to discover the names of the men through his public records requests, he had several methods which could have pursued to obtain their identities—for example, promptly filing suit and engaging in discovery. However, waiting for years and filing suit just two days before the statute expired was not an acceptable option. *See Wayne*, 197 F.3d at 1104 (finding equitable tolling inappropriate where plaintiff waited until the eve of the statute's expiration to file suit).

Fowler's failure to timely obtain Defendants' identities was neither "beyond his control" nor "unavoidable even with diligence." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) (quotations omitted). He is thus not entitled to equitable tolling of the statute of limitations.

## IV.   CONCLUSION

I thus find that Plaintiff's Amended Complaint does not relate back to the original Complaint with respect to the addition of the three new Defendants, either under Fed. R. Civ. P. 15(c)(1)(C) or 15(c)(1)(A). I also find that equitably tolling the statute of limitations is not appropriate. Plaintiff's claims against Defendants are therefore time-barred.

Defendants Fortune's, Upchurch's, and Jefferis's Motion to Dismiss the

Amended Complaint (Doc. 61) is **GRANTED.** All claims against Defendants

Fortune, Upchurch, and Jefferis are **DISMISSED WITH PREJUDICE**.


**ORDERED** on April 22, 2015.

> <u>**/s/ Richard Smoak**</u>
> **RICHARD SMOAK**
> **UNITED STATES DISTRICT JUDGE**